FILED - USDC -NH
2025 MAY 13 AM 11:37

Page 1

Civil No. _____

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW HAMPSHIRE

**JURISDICTION: Law & Equity[1]**

**Naseef F Bryan** Plaintiff,

v.

**Gordon J. Macdonald**, Chief Justice of the New Hampshire Supreme Court, in his individual and official capacities; **Robert T. Mittelholzer**, Executive Secretary of the New Hampshire Judicial Conduct Committee, in his individual and official capacities; **JOHN/JANE DOE PRIVIES AND CO-CONSPIRATORS**, Defendants.

# COMPLAINT FOR TEMPORARY RESTRAINING ORDER, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF

Plaintiff brings this action under U.S. Const. Article III, § 2 , 42 U.S.C. § 1983 and 28 U.S. Code § 1331 to halt ongoing constitutional violations committed by the Defendants. For more than four years, Plaintiff has been subjected to intentional due-process violations, retaliatory judicial conduct, suppression of evidence, obstruction of access to the courts, and a coordinated refusal by state judicial officers to perform mandatory duties. These actions have caused irreparable harm, including the loss of constitutional rights, reputational injury, and the continued inability to obtain a meaningful hearing in any New Hampshire court.

Plaintiff has repeatedly filed petitions, motions, and emergency requests in the New Hampshire Supreme Court, including Petitions for Writ of Certiorari and Mandamus in Case Nos. 2026-0180 and 2026-0164. The Court denied petitions and motions on the same day they were so called reviewed, without notice, without hearing, and without any opportunity to be heard. These denials occurred even after Plaintiff expressly informed the Court that denying a hearing would constitute a due-process violation and cause actionable injury and nominal damages. The Court proceeded regardless, demonstrating intentional disregard of constitutional obligations.

---

[1] U.S. Const. Article III §2; 11 Am. Jur. (1st) Common Law §5—The Constitution of the United States are framed in the language of the common law as it was brought to this country by the early settlers. That Constitution must, therefore, be read and interpreted in the light of the common-law principles of history which were familiarly known to its framers; State v. Saunders, 66 N.H. 39; Irvine v. Marshall, 61 U.S. 558, 564.

The misconduct is not isolated. Plaintiff submitted video evidence documenting clerks refusing filings, delaying docketing, and treating Plaintiff differently from represented litigants. The Judicial Conduct Committee refused to accept the video evidence, claiming it could only accept PDF or mailed submissions, even though the evidence was a video documenting constitutional violations. Plaintiff offered to submit the evidence in a ZIP file; the Committee refused again. The Committee then dismissed Plaintiff's misconduct complaint without reviewing the evidence, stating that the report lacked "concise facts," despite the fact that the Committee refused to accept the very evidence that contained those facts.

The Committee's refusal to review evidence, combined with its repeated dismissals, constitutes a conspiracy to deprive Plaintiff of constitutional rights. The Committee's Secretary, Defendant Mittelholzer, acknowledged receipt of Plaintiff's submissions but refused to docket, consider the video evidence and grant the right to confrontation or right to be heard. The Committee's dismissal letter confirms that it did not review the evidence. This conduct has continued for more than four years, despite Plaintiff's repeated attempts to obtain accountability.

The New Hampshire Supreme Court escalated adverse actions after Plaintiff filed misconduct complaints. The Court refused to schedule hearings, refused to address jurisdictional defects, refused to docket filings properly, and denied motions on the same day they were reviewed. This pattern of adverse treatment constitutes retaliation for Plaintiff's protected petitioning activity. The retaliation is ongoing and continues to cause irreparable harm.

The conduct of Chief Justice MacDonald and the Justices under his supervision demonstrates bias and the appearance of bias. The Court repeatedly adjudicated matters involving Plaintiff while ignoring controlling constitutional provisions, statutory duties, and mandatory hearing requirements. The Court failed to address the clerk's March 19, 2026 note stating that due process could be denied without lawful justification. The Court failed to address the Attorney General's failure to file an appearance in Case No. 2026-0180, despite the fact that the Court relied on that omission to disregard its own obligations. These actions violate Canon 2, and Canon 1 of the Code of Judicial Conduct.

The misconduct has caused reputational harm. Plaintiff's filings, motions, and petitions were treated as frivolous or unworthy of judicial review, despite raising legitimate constitutional issues. The refusal to docket filings, the refusal to schedule hearings, and the refusal to review evidence all contribute to the perception that Plaintiff is not entitled to the same access to justice as other litigants. This reputational harm is ongoing and irreparable.

The misconduct has also caused procedural harm. Plaintiff's emergency motions were ignored. Plaintiff's jurisdictional challenges were disregarded. Plaintiff's requests for hearings were denied without explanation. The docket entries themselves show that the Court denied petitions and motions on the same day they were filed or reviewed, without notice or hearing. This conduct violates the fundamental rule that the right to be heard before suffering loss is constitutionally required, as recognized in Joint Anti-Fascist Refugee Committee v. McGrath, 341 U.S. 123.

The misconduct has caused constitutional harm. Any loss of constitutional rights, even briefly, constitutes irreparable harm, as recognized in Elrod v. Burns, 427 U.S. 347. Plaintiff has suffered repeated and ongoing violations of due process, equal protection, and the right to petition the government for redress of grievances.

The misconduct has caused structural harm. The refusal of the Judicial Conduct Committee to review evidence, combined with the refusal of the Supreme Court to provide hearings, creates a closed system in which judicial officers are insulated from accountability. This violates the principle that public officers are responsible to private persons for injuries caused by their neglect, as recognized in Hester v. Sanderson, 172 So. 565, and Amy v. Des Moines County Supervisors, 78 U.S. 136.

The misconduct has caused jurisdictional harm. The Supreme Court's refusal to schedule hearings contradicts the principle that the law contemplates the possibility of jurisdiction, as recognized in United States v. United Mine Workers, 67 S.Ct. 677. The Court's refusal to address jurisdictional defects violates Rule 12-B and the common-law rule preserved by N.H. Const. Pt. II, Art. 90.

The misconduct has caused evidentiary harm. Plaintiff's video evidence, which documents clerks refusing filings and delaying docketing, was never reviewed by any judicial body. The refusal to review evidence violates the principle that a party whose rights are invaded can always recover nominal damages, as recognized in Uzuegbunam v. Preczewski, 592 U.S. 279.

The misconduct has caused procedural default harm. The Supreme Court denied petitions and motions without addressing the Attorney General's failure to file an appearance. This violates the principle that a party who receives notice but fails to appear is subject to default, not the other way around.

The misconduct has caused institutional harm. The refusal of the Judicial Conduct Committee to investigate misconduct, combined with the refusal of the Supreme Court to provide hearings, undermines public confidence in the judiciary. This violates Rule 1.2 of the Code of Judicial Conduct.

Plaintiff seeks declaratory relief that Defendants violated Plaintiff's constitutional rights. Plaintiff seeks injunctive relief requiring Defendants to cease retaliatory conduct, accept and review evidence, schedule hearings, and comply with constitutional and statutory duties. Plaintiff seeks a Temporary Restraining Order to prevent further harm while this case is adjudicated.

# DAMAGES

Plaintiff has suffered concrete, compensable injuries directly caused by Defendants' ongoing constitutional violations, retaliatory conduct, and obstruction of access to the courts. For more than four years, Defendants' actions have deprived Plaintiff of meaningful judicial process, prevented the adjudication of meritorious claims, and inflicted personal, professional, and reputational harm. These injuries are independently actionable under 42 U.S.C. § 1983 and well-established common-law principles.

As detailed throughout this Complaint, Defendants' misconduct caused:

- **Loss of time and opportunity** resulting from repeated same-day denials, refusal to schedule hearings, refusal to docket filings, and refusal to review evidence. *"The docket entries themselves show that the Court denied petitions and motions on the same day they were filed or reviewed, without notice or hearing."* (Complaint,)
- **Reputational injury,** where Plaintiff's filings were treated as frivolous or unworthy of judicial review despite raising legitimate constitutional issues. *"Plaintiff's filings, motions, and petitions were treated as frivolous or unworthy of judicial review…"* (Complaint.)
- **Procedural and constitutional injury,** including denial of the right to be heard, denial of due process, denial of equal protection, and retaliation for protected petitioning activity. *"Any loss of constitutional rights, even briefly, constitutes irreparable harm…"* (Complaint.)
- **Evidentiary injury,** where video evidence documenting clerk misconduct was refused, never reviewed, and excluded from any judicial process. *"Plaintiff's video evidence… was never reviewed by any judicial body."* (Complaint.)
- **Structural and institutional injury,** where the Judicial Conduct Committee and Supreme Court created a closed system insulating judicial officers from accountability. *"The refusal… creates a closed system in which judicial officers are insulated from accountability."* (Complaint.)
- **Retaliatory harm,** where adverse actions escalated immediately after Plaintiff filed misconduct complaints. *"This pattern of adverse treatment constitutes retaliation for Plaintiff's protected petitioning activity."* (Complaint.)

These injuries are compensable. The Supreme Court has held that a party whose rights are invaded is entitled to damages, including nominal damages, even without quantifiable economic loss. *Uzuegbunam v. Preczewski,* 592 U.S. 279 (2021). Where, as here, the violations are intentional, repeated, and prolonged, compensatory damages are appropriate.

## A. Compensatory Damages

Plaintiff seeks **$500,000** in compensatory damages for:

1. **Four years of lost time,** obstruction, and inability to obtain a hearing;
2. **Reputational harm** caused by Defendants' treatment of Plaintiff's filings as frivolous;
3. **Emotional distress,** frustration, and humiliation resulting from repeated constitutional violations;
4. **Loss of judicial opportunity,** including the inability to litigate meritorious claims;
5. **Procedural injuries** caused by same-day denials, refusal to docket filings, and refusal to review evidence;
6. **Retaliatory harm** inflicted after Plaintiff exercised protected First Amendment petitioning rights.

These damages are supported by the factual record incorporated throughout this Complaint and the Exhibits.

## B. Nominal Damages

Even if the Court finds that some injuries cannot be quantified, Plaintiff is entitled to nominal damages for each constitutional violation. *Uzuegbunam*, 592 U.S. 279.

## C. Declaratory and Injunctive Relief Not a Substitute

Compensatory damages are necessary because declaratory and injunctive relief alone cannot remedy the past four years of injury, lost time, reputational harm, and constitutional deprivation.

# EXHIBITS (INCORPORATED BY REFERENCE)

**Exhibit A:** Declaration of Naseef Fernando Bryan (Video Evidence & Docketing Delay)

**Exhibit B:** Affidavit Regarding Retaliation, Judicial Misconduct, and Denial of Article 14

Rights, **Exhibit C:** Complaint to the Judicial Conduct Committee **Exhibit D:** Email

Correspondence with JCC (Refusal to Accept Evidence) **Exhibit E:** JCC Dismissal Letter

(Admitting Evidence Was Not Reviewed) **Exhibit F:** Supreme Court Docket Entries (Same-Day

Denials, No Hearings) **Exhibit G:** Video Evidence (Clerk Refusals, Delays, Disparate

Treatment)

# CONCLUSION

For the foregoing reasons, this Court should grant Plaintiff's Request for;

(A) **Temporary Restraining Order**,

(B) **Preliminary Injunction**,

(C) **Declaratory Relief** Under 28 U.S.C. §2202.

(D) **Grant any further relief** the Court deems just and proper, including remedies available under constitutional, statutory, common law & Equity principles; And

(E) Allow this action to proceed to **discovery and trial**, where the plaintiff may fully present and defend his claims.

Respectfully submitted,

*M. Bryan*

/s/ Naseef Fernando Bryan

17 Rimmon Street Manchester, NH 03102

Date: 5/13/2026 (Without Prejudice UCC 1-308--preserving any rights I possessed at the time of filing, in order to prevent any loss of such rights by application of the concepts of waiver or estoppel).

# CERTIFICATE OF SERVICE

I certify that a copy of this Complaint(s) and Summon(s) will be served on Defendants pursuant to Fed. R. Civ. P. 4--(k) TERRITORIAL LIMITS OF EFFECTIVE SERVICE.

FILED - USDC -NH
2025 MAY 13 AM11:36

## No.

_____

## IN THE

## UNITED STATES DISTRICT COURT DISTRICT OF NEW HAMPSHIRE

55 Pleasant Street
Room 110
Concord, NH 03301

_____

**PETITIONER_** Naseef Bryan [Pro Se]

v.

**RESPONDENT**(S) **Gordon J. Macdonald**, Chief Justice of the New Hampshire Supreme Court, in his individual and official capacities; **Robert T. Mittelholzer**, Executive Secretary of the New Hampshire Judicial Conduct Committee, in his individual and official capacities; **JOHN/JANE DOE PRIVIES AND CO-CONSPIRATORS**, Defendants.

_____

## MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

The *petitioner* asks leave to file the attached complaint for Temporary Restraining Order, declaratory and injunctive relief, without prepayment of costs and to proceed *in forma pauperis*.

Petitioner's affidavit in support of this motion is attached hereto.

**I** Naseef Fernando Bryan, Affiant, being of lawful age, qualified and competent to testify to and having firsthand knowledge of the following facts to hereby swear that the following facts are true, correct and not misleading:

Under N.H. Const. Pt. I, Art. 14, every person is guaranteed **free, complete, and prompt legal recourse**. When the Constitution provides a remedy, that remedy must be honored in substance and cannot be diminished by procedural technicalities. Access to the courts is a constitutional right, not a privilege that depends on a litigant's financial means.

American courts have long recognized this principle. In *Narragansett Electric Lighting Co. v. Sabre*, 50 R.I. 288, and *Klopfer v. North Carolina*, 386 U.S. 213, the courts affirmed that equitable principles exist to prevent justice from being

obstructed. These decisions reflect the same tradition embodied in Art. 14: justice must remain open and available to all.[1]

Consistent with that tradition, courts have repeatedly held that a litigant seeking to proceed *in forma pauperis* "need not be a pauper." As explained in 14 Am. Jur. (1st) Costs § 48, the standard does not require absolute destitution; it requires only a showing that paying court costs would impose an undue hardship. The United States Supreme Court confirmed this in *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331 (1948), holding that a litigant "need not be absolutely destitute to enjoy the benefit of the statute." The purpose of *in forma pauperis* provisions is to ensure that financial limitations do not bar access to justice.

This principle—that justice cannot be denied because of wealth—has deep roots in Anglo-American law, originating in Magna Carta, chap. 40.

Clerks and court officers are required to administer this constitutional right faithfully. Taken together, these authorities require the clerk's office to process filings in a manner that protects—rather than restricts—the constitutional right to a remedy.[2]

M. Bryan (without Prejudice)

(Signature)

Date: 5/13/2026.

---

[1] Also See—U.S. Const. Amend I (Petition Clause); Rowland v. California Men's Colony, 506 U.S. 194; **ARTICLE: A Right of Access to Court Under the Petition Clause of the First Amendment: Defining the Right, 60 Ohio St. L.J. 557**.

[2] Ibid.

FILED - USDC -NH
2026 MAY 13 AM 11:38

## No.

### IN THE

## UNITED STATES DISTRICT COURT DISTRICT OF NEW HAMPSHIRE

### 55 Pleasant Street Room 110 Concord, NH 03301

**PETITIONER_** Naseef Fernando Bryan [Pro Se]

v.

**RESPONDENT**(S) **Gordon J. Macdonald**, Chief Justice of the New Hampshire Supreme Court, in his individual and official capacities; **Robert T. Mittelholzer**, Executive Secretary of the New Hampshire Judicial Conduct Committee, in his individual and official capacities; **JOHN/JANE DOE PRIVIES AND CO-CONSPIRATORS**, Defendants.

.

## PROOF OF SERVICE

I, Naseef Bryan, do swear or declare that on this date,        2026, as required by FRCP Rule 4 (k), I have served the enclosed Complaint and Summons, on each party to the above proceeding or that party's Office, by "giving" to the defendant an attested copy, according to N.H. Rev. Stat. § 510:2 and Burleigh v. Wong Sung Leon, 83 N.H. 115,[1] Containing the above documents. The names and addresses of those served are as follows:

1. Robert T. Mittelholzer        Address To: 127 Parrott Avenue, Portsmouth, NH 03801.

---

[1] 21 R. C. L. 1315, and cases cited.

2. Forwarded to: Gordon J. MacDonald    Address: 1 Charles Doe Drive,

Concord, NH 03301.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 5/13/2026.

*No Bryan (without Prejudice)*

(Signature)