**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Naseef Fernando Bryan

v. Civ. No. 26-cv-367-SE-AJ

Gordon MacDonald, et al.

**REPORT AND RECOMMENDATION**

Self-represented plaintiff Naseef Fernando Bryan, appearing in forma pauperis, filed a complaint (Doc. No. 1) against the Chief Justice of the New Hampshire Supreme Court ("NHSC"), Gordon MacDonald; the Executive Secretary of the New Hampshire Judicial Conduct Committee ("JCC"), Robert T. Mittelholzer; and unnamed Defendants "to halt ongoing constitutional violations[,]" including "intentional due-process violations, retaliatory judicial conduct, suppression of evidence, obstruction of access to the courts, and a coordinated refusal by state judicial officers to perform mandatory duties." Id. at 1. Mr. Bryan also filed several motions, including a motion for a preliminary injunction (Doc. No. 3), a motion to admit evidence (Doc. No. 4), and a motion for judgment pursuant to Fed. R. Civ. P. 60 (Doc. No. 7). The complaint is before the undersigned Magistrate Judge for preliminary review, pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915(e)(2). As explained more fully below, this case should be dismissed. Then, the district judge should deny Mr. Bryan's outstanding motions (Doc. No. 3, 4, 7) as moot.

**Standard of Review**

The magistrate judge conducts a preliminary review of pleadings, like Mr. Bryan's, that are filed in forma pauperis. See LR 4.3(d). The magistrate judge may recommend to the district

judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d). In conducting its preliminary review, the court construes pro se complaints liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in plaintiff's favor. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). An unrepresented plaintiff's complaint must be read liberally in this regard, see Donovan v. Maine, 276 F.3d 87, 94 (1st Cir. 2002), but must still contain "the crucial detail of who, what, when, where, and how" in order to provide fair notice of what the claims are and the grounds upon which they rest. Byrne v. Maryland, No. 1:20-cv-00036-GZS, 2020 WL 1317731, at *5 (D. Me. Mar. 20, 2020) (rec. dec.), aff'd, 2020 WL 2202441 (D. Me. May 6, 2020).

## Background

Mr. Bryan alleges that he has repeatedly filed petitions, motions, and emergency requests with the NHSC, but the Court denied those filings without notice or an opportunity to be heard. Mr. Bryan further states that the JCC, through Defendant Mittelholzer, dismissed his misconduct complaints without reviewing evidence. On at least one occasion, Mr. Bryan alleges that the JCC refused to accept his video evidence on the basis that it was submitted in the improper format and then dismissed Mr. Bryan's complaint without reviewing his evidence.

According to Mr. Bryan, the NHSC has escalated its adverse actions against him for filing misconduct complaints by denying motions the day they were reviewed and by refusing to schedule hearings, address jurisdictional defects, and docket filings properly. Mr. Bryan further

asserts that Defendant MacDonald demonstrated bias against Mr. Bryan by ignoring "controlling constitutional provisions, statutory duties, and mandatory hearing requirements" while adjudicating Mr. Bryan's cases. Doc. No. 1 at 2.

Mr. Bryan alleges that Defendants, in their individual and official capacities, denied him access to justice in that they refused to adjudicate his cases and complaints. Mr. Bryan seeks declaratory and injunctive relief as well as $50,000 in compensatory damages.

## **Discussion**

### I. Eleventh Amendment

Mr. Bryan brings a claim against Defendants, in their official capacities as state officials, alleging they violated his right to access the courts. Mr. Bryan seeks relief for past constitutional violations. The Eleventh Amendment bars claims asserted against state officials sued in their official capacities unless the State has waived its Eleventh Amendment immunity. See Town of Barnstable v. O'Connor, 786 F.3d 130, 138 (1st Cir. 2015); U.S. Const. amend. XI; Dongon v. Banar, 363 Fed. App'x 153, 156 (3d Cir. 2010) (state courts and its employees are considered "arms" of the state and entitled to immunity under the Eleventh Amendment). Section 1983 does not abrogate the State's immunity, and the State has not waived it in this circumstance. See Maysonet-Robles v. Cabrero, 323 F.3d 43, 54 (1st Cir. 2003) (Eleventh Amendment does not bar claims where Congress abrogated State's immunity by expressly authorizing suit and where a State waives its sovereign immunity by consenting to be sued).

In addition, the Ex Parte Young exception to the Eleventh Amendment does not apply in this case. Greenless v. Almond, 277 F.3d 601, 607 (1st Cir. 2002) (Ex parte Young exception to Eleventh Amendment sovereign immunity is intended "to prevent continuing violations of federal law, but not to remedy past violations[]") (citing Edelman v. Jordan, 415 U.S. 651

(1974)). To the extent Mr. Bryan asserts that he seeks prospective injunctive relief that is not barred by the Eleventh Amendment, that assertion fails because he ultimately seeks relief for past violations. See Frew v. Hawkins, 540 U.S. 431, 437 (2004) (citing Ex parte Young, 209 U.S. 123 (1908)). Mr. Bryan asks the court to "halt ongoing constitutional violations committed by the Defendants[,]" but bases that relief on alleged violations that have occurred over the last four years. Doc. No. 1 at 1. Those allegations do not seek prospective, injunctive relief. See Cotto v. Campbell, 126 F.4th 761, 769–70 (1st Cir. 2025) (relief for a past harm, which may carry with it a "continuing liability . . . [,] is no ongoing violation"), cert. denied, 146 S. Ct. 1491 (2026); Bonilla v. Semple, No. 3:15-CV-1614 (VAB), 2016 WL 4582038, at *3 (D. Conn. Sept. 1, 2016) ("Courts have found retrospective relief to include injunctions designed to compensate injury or replicate a damages award, and injunctions that involve adjudicating the legality of a state official's past actions[.]"). Accordingly, the district judge should dismiss Mr. Bryan's claim against Defendants in their official capacities.

## II. Judicial Immunity

With respect to his access-to-courts claim against Defendant MacDonald in his role as Chief Justice of the NHSC, as the court has noted in a different suit brought by Mr. Bryan, "the doctrine of judicial immunity precludes lawsuits against judges for actions taken as part of . . . their judicial functions." Bryan v. Masker, No. 24-CV-395-SE-AJ, 2024 WL 5399258, at *2 (D.N.H. Dec. 10, 2024) (internal quotation marks omitted) (quoting Roosevelt v. Elliott, No. 24-CV-243-JL-AJ, 2024 WL 4437630, at *1 (D.N.H. Aug. 20, 2024), R&R approved, 2024 WL 4433305 (D.N.H. Oct. 7, 2024)), R&R adopted, 2025 WL 961530 (D.N.H. Jan. 22, 2025); see also Suny v. KCP Advisory Grp., LLC, 152 F.4th 25, 29 (1st Cir. 2025) (judicial immunity "bars all claims against judges for acts done in the exercise of their judicial functions" (internal

quotation marks and citations omitted)). Judicial immunity extends to "allegations of malice, or bad faith or, . . . a claim of conspiracy will not defeat the protection of derivative absolute immunity . . . ." Cok v. Cosentino, 876 F.2d 1, 3 (1st Cir. 1989).

Here, Mr. Bryan claims that Defendant MacDonald acted with bias by adjudicating matters involving Mr. Bryan while ignoring controlling law, statutory duties, and hearing requirements in that he refused to docket Mr. Bryan's filings, schedule hearings, and review evidence. Doc. No. 1 at 2. By challenging Defendant MacDonald's adjudicatory decisions, Mr. Bryan's claims against Defendant MacDonald are barred by judicial immunity. Consequently, the district judge should dismiss Mr. Bryan's claim against Defendant MacDonald in his individual capacity.

## III. Quasi-Judicial Immunity

Mr. Bryan's access-to-courts claim against Defendant Mittelholzer in his role as secretary of the JCC similarly fails under the doctrine of quasi-judicial immunity, which provides "non-judicial persons fulfilling quasi-judicial functions" with "absolute immunity from civil liability for any normal and routine judicial act." Id. at 2–3; see also Suny, 152 F.4th at 29; Coggeshall v. Mass. Bd. of Registration of Psych., 604 F.3d 658, 662 (1st Cir. 2010). Quasi-judicial immunity extends to state judicial branch employees like Defendant Mittelholzer for claims like those presented by Mr. Bryan that challenge decisions about initiating administrative proceedings. Powell v. Commonwealth of Massachusetts, No. 16-CV-30004-MGM, 2016 WL 7115887, at *8 (D. Mass. Sept. 20, 2016) ("[A]s arms of the Supreme Judicial Court, the [Board of Bar Overseers], the [Office of Bar Counsel], and bar counsel are clothed with the immunity of the court for their official actions[.]"), R&R adopted, 2016 WL 7118260 (D. Mass. Dec. 6, 2016); Wang v. N.H. Bd. of Regist. in Med., 55 F.3d 698, 701 (1st Cir. 1995) ("State officials

performing prosecutorial functions—including their decisions to initiate administrative proceedings aimed at legal sanctions—are entitled to absolute immunity[.]").

Accordingly, the district judge should dismiss Mr. Bryan's claim against Defendant Mittelholzer in his individual capacity.

## Conclusion

Based on the foregoing, the district judge should dismiss this case. Then, the district court should deny Mr. Bryan's pending motions (Doc. No. 3, 4, 7) as moot. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The objection period may be extended upon motion. Only those issues raised in the written objections "are subject to review in the district court," and any issues "not preserved by such objection are precluded on appeal." Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016) (citations omitted).

Andrea K. Johnstone
United States Magistrate Judge

September 10, 2026

cc: Naseef Fernando Bryan, pro se